## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERTRAM LOEB,<br>　　　　　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 02-CV-3833 |
| | : |
| BANK OF AMERICA | : |
| and | : |
| HERBERT S. GARTEN, ESQUIRE; | : |
| SHELDON G. DAGURT, ESQUIRE; | : |
| FEDDER & GARTEN, P.A. | : |
| | : |
| 　　　　　　Defendants. | : |

## MOTION OF THE LAW FIRM DEFENDANTS TO
## DISMISS FOR LACK OF PERSONAL JURISDICTION AND
## FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
## TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), Defendants Herbert S. Garten, Esquire ("Mr. Garten"), Sheldon G. Dagurt, Esquire ("Mr. Dagurt"), and Fedder and Garten Professional Association ("F&G") (collectively, "the Law Firm Defendants"), by their undersigned attorneys, hereby move to dismiss for lack of personal jurisdiction and for improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). The grounds for this motion are as follows:

　　(a)　　this lawsuit arises from the operations and governance of a Maryland corporation which is located in Maryland and the stock of which is primarily owned by Maryland trusts;

　　(b)　　specific or general personal jurisdiction does not exist over the Law Firm Defendants, who are Maryland lawyers without minimum contacts with the Commonwealth of Pennsylvania;

(c)    Plaintiffs' complaint does not allege any of the prerequisites for venue under 28 U.S.C. § 1391(a);

(d)    the record affirmatively shows that none of the statutory prerequisites for venue exists; and

(e)    even assuming *arguendo* that the lack of personal jurisdiction and the improper venue could be overlooked, a discretionary transfer of venue would nevertheless be appropriate and necessary pursuant to 28 U.S.C. § 1404(a).

Additional grounds for this motion are set forth in the accompanying memorandum, which is incorporated herein by reference.

WHEREFORE, the Law Firm Defendants request that this Court dismiss this action for lack of personal jurisdiction and for improper venue or, in the alternative, transfer this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

Melissa H. Maxman
Charlene Keller Fullmer
DUANE MORRIS LLP
Suite 4200
One Liberty Place
Philadelphia, Pennsylvania 19103-7396
tel.: (215) 979-1000
fax: (215) 979-1020

Attorneys for Defendants Herbert S. Garten, Esquire, Sheldon G. Dagurt, Esquire, and Fedder and Garten Professional Association

Of Counsel:
Andrew Jay Graham
Geoffrey H. Genth
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
tel.: (410) 752-6030
fax: (410) 539-1269

Dated: August 19, 2002

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2002, copies of the foregoing

Motion of the Law Firm Defendants to Dismiss for Lack of Personal Jurisdiction and

For Improper Venue Or, in the Alternative, To Transfer Pursuant to 28 U.S.C. § 1404(a) and the

accompanying Memorandum of Law, Request for Oral Argument, and Proposed Order were

mailed, first-class and postage prepaid, to:

> Paul A. Logan, Esquire
> Malcolm B. Jacobson, Esquire
> Thomas J. Bogar, Esquire
> Kevin K. Carton, Jr.
> Powell, Trachtman, Logan, Carrle,
>    Bowman & Lombardo, P.C.
> 475 Allendale Road, Suite 200
> King of Prussia, Pennsylvania  19406; and
>
>
> Mark A. Klugheit, Esquire
> Erin A. Brennan, Esquire
> Dechert
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, Pennsylvania  19103.

Charlene Keller Fullmer